# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JANICE B. HALL,**

> **Plaintiff,**

**v.**                                                    **Case No:  6:11-cv-1673-Orl-31GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

> **Defendant.**

_____

# ORDER

This cause comes before the Court on Plaintiff's objections (Doc. 25) to the Report and Recommendations (Doc. 24).[1]

### I.    Legal Standards

#### A.    Review

A district court's review of a final decision by the SSA is limited to determining whether the ALJ's factual findings are supported by substantial evidence, *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir.2005) (*per curiam*), and whether the ALJ applied the correct legal standards, *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir.1988).   The SSA's findings of fact are conclusive if supported by substantial evidence.   42 U.S.C. § 405(g); *Dyer*, 395 F.3d at 1210.   "Substantial evidence is more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. It means such relevant evidence as a reasonable mind might accept as

---

[1] The background of this case was set forth in the Report and Recommendation at Doc. 24 and need not be repeated here.

adequate to support a conclusion." *Walden v. Schweiker*, 672 F.2d 835, 838–39 (11th Cir.1982) (internal quotations omitted).

The court "must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [SSA's] decision." *Chester v. Bo*wen, 792 F.2d 129, 131 (11th Cir.1986) (*per curiam*) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir.1983)). Where the SSA's decision is supported by substantial evidence, the court will affirm, even if the court finds that the proof preponderates against the decision. *Dyer*, 395 F.3d at 1210. The court may not reweigh the evidence or substitute its own judgment. Id.

While there is a presumption in favor of the SSA's findings of fact, no such presumption attaches to the ALJ's legal conclusion about the proper standards to be applied in evaluating claims. *Welch v. Bowen*, 854 F.2d 436, 438 (11th Cir.1988) (*per curiam*). Therefore, the court will reverse if the SSA incorrectly applied the law, or if the decision fails to provide the court with sufficient reasoning to determine that the SSA properly applied the law. *Keeton v. Dep't of Health & Human Serv's*, 21 F.3d 1064, 1066 (11th Cir.1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir.1991)).

### B.    Disability Determinations

The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can

perform given the claimant's RFC, age, education, and work experience. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237–39 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

"The burden is primarily on the claimant to prove that he is disabled, and therefore entitled to receive Social Security disability benefits." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). However, "the burden temporarily shifts at step five to the Commissioner … [who] must produce evidence that there is other work available in significant numbers in the national economy that the claimant has the capacity to perform." *Id.* at 1278 n.2.

To evaluate a claimant's mental impairment at steps two and three of the sequential evaluation process, the ALJ is obligated to utilize a "Psychiatric Review Technique" ("PRT"). 20 C.F.R. § 404.1520a-(a). The PRT requires separate evaluations on a four-point scale of how the claimant's mental impairment impacts four functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. 20 C.F.R. § 404.1520a-(c)(3-4).

At step four, the ALJ must determine a claimant's RFC by considering all relevant medical and other evidence. *See Phillips*, 357 F.3d at 1238-39. To determine, at step five, whether there are significant numbers of jobs in the national economy that the claimant can perform, the ALJ may either apply the Medical Vocational Guidelines or obtain the testimony of a vocational expert ("VE"). "In order for a vocational expert's testimony to constitute substantial evidence,[2] the ALJ

---

[2] In Social Security appeals, the court must determine whether the Commissioner's decision is "supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir.2004) (*per curiam*) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir.1997)).

must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (*per curiam*).

## II. Analysis

This Court recently issued an Order in a substantially similar case, *Hommell v. Commissioner of Social Security*, Case No. 6:12-cv-102-Orl-31GJK (M.D. Fla. March 4, 2013) (at Doc. 20). For all relevant purposes, this case presents the same legal issue: whether the ALJ sufficiently accounted for a petitioner's moderate limitations in concentration, persistence, or pace. In *Hommell*, the Court explained, *inter alia*, that

> *Winschel* required the ALJ to make an *explicit* finding that the Plaintiff could work despite the limitations – or, failing that, to include those limitations in the hypothetical posed to the ALJ.   *See* [*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180-81 (11th Cir. 2011)]. *See also Scott v. Comm'r of Soc. Sec.*, 2012 WL 5358868 at *2 (11th Cir. Oct. 31, 2012) (*per curiam*) ("In *Winschel*, we highlighted that the ALJ did not indicate that medical evidence suggested the plaintiff's ability to work was unaffected by this limitation, nor did the ALJ otherwise implicitly account for the limitation in the hypothetical question.  So, we concluded that, because the ALJ should have explicitly included Winschel's moderate limitation in maintaining concentration, persistence, and pace in the hypothetical question to the VE, the VE's testimony was not 'substantial evidence' that supported the ALJ's conclusion.") (internal citations omitted).

*Hommell*, No. 6:12-cv-102-Orl-31GJK, Doc. 20 at 10. In that case, as here, the ALJ stated simply that "the following residual capacity assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental functional analysis." (Doc. 16-2 at 118). This statement is insufficient to satisfy the requirements of *Winschel*. Identical or very similar language appears in numerous opinions from other ALJs. *See*, *e.g.*, Doc. 12-2 in Case No. 6:11-cv-1128 (employing identical language). The Court is reluctant to place weight on what appears to be boilerplate. Second, the language is too vague to conclude that it is intended to be a statement that, despite her

limitations, the claimant could perform the unskilled light occupations[3] suggested by the VE. Finally, even if it was intended as a finding that Hall could perform such work despite her limitations, the ALJ failed to indicate the evidence upon which he was relying to reach this conclusion.

Thus, the Court finds that the ALJ did not make an explicit finding that Hall's moderate limitations did not affect her ability to work and did not include those limitations in the hypothetical posed to the VE. Accordingly, pursuant to *Winschel*, this case must be reversed and remanded.

Therefore, it is **ORDERED** as follows:

1. The Report and Recommendation is REJECTED.

2. The decision of the Commissioner is REVERSED and the case is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative action consistent with this order.  On remand, the ALJ must either make a specific finding that Hall's moderate difficulties maintaining concentration, persistence, or pace do not affect her ability to work or include those limitations in the hypothetical posed to the VE.

3. The Clerk of Court is directed to enter judgment in accordance with this order and thereafter close the file.

**DONE** and **ORDERED** in Orlando, Florida on March 6, 2013.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

---

[3] The VE testified that the following occupations were available, based on the limitations posed in the hypothetical: garment sorter, maid, and laundry attendant. The ALJ found that Claimant was unable to perform her past relevant work as a teacher's aide.

Counsel of Record
Unrepresented Parties